# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| **KIMBERLY SHELTON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No.:_____ |
| ) | **JURY DEMANDED** |
| **SEVIER COUNTY, TENNESSEE;** ) | |
| **TIMOTHY MARLOWE,** in his ) | |
| individual and official capacity, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Comes the Plaintiff, Kimberly Shelton, and for cause of action against the Defendants would show as follows:

## I. PARTIES

1. Plaintiff Kimberly Shelton (hereinafter, "Plaintiff") is a citizen and resident of Franklinton, North Carolina.

2. Defendant Sevier County, Tennessee is a governmental entity created and existing in the State of Tennessee and can be served through its agent for service of process: Larry Waters, County Mayor, 125 Court Ave., #201E, Sevierville, TN 37862.

3. Among its other functions as a political subdivision of the State of Tennessee, Defendant Sevier County operates and maintains a law enforcement agency known as the Sevier County Sheriff's Office ("SCSO"), for which it employs various police officers and other personnel. Defendant Sevier County, by and through the SCSO, is under a duty to operate its

1

policicing activities in a lawful manner so as to preserve the peace of Sevier County and to its citizens the rights, privileges, and immunities guaranteed and secured to them by the constitutions and laws of the United States and the State of Tennessee. Defendant Sevier County is responsible for establishing rules, regulations, policies, procedures, and customs for the SCSO, including training police officers of the SCSO.

4. Defendant Timothy Marlowe is a citizen and resident of Sevier County, Tennessee and can be served at his place of employment, Sevier County Sheriff's Office ("SCSO"), 106 Bruce St., Sevierville, TN 37862. At all times material, Defendant Marlowe was employed and/or serving as a Deputy with the Sevier County Sheriff's Office and was acting under color of state law. Deputy Marlowe is being sued both in his individual capacity and in his official capacity.

## II. STATEMENT OF JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's claims brought under Title 42 of the United States Code Section 1983. See 28 U.S.C. §§ 1331, 1343(a)(3).

6. Venue exists in the United States District Court, Eastern District of Tennessee at Knoxville, pursuant to 28 U.S.C. § 1391(b)(1) (the district in which any defendant resides) and/or 28 U.S.C. § 1391(b)(2) (the district in which a substantial part of the events or omissions giving rise to the claim occurred).

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## III. STATEMENT OF FACTS

8. On January 4, 2020, construction workers at a nearby construction site were blocking the residential driveway at 615 Rainbow Road, Sevierville, TN 37862, with their vehicles. Plaintiff Shelton, owner of the residence, requested that the construction worker's

vehicles be removed to allow her to maintain freedom of ingress and egress at her residence. The construction workers refused to move the vehicles.

9. In response, Plaintiff contacted the Sevier County Sheriff's Office.

10. Shortly thereafter, Deputy Bart Tyner with the Sevier County Sheriff's Office arrived at Plaintiff's residence where the obstruction was removed, and Plaintiff was instructed by Deputy Tyner to call 9-1-1 should this happen again.

11. The following day, January 5, 2020, the construction workers again blocked Plaintiff Shelton's driveway.

12. As instructed by Deputy Tyner, Plaintiff called 9-1-1 and the Sevier County Sheriff's Office dispatched Deputy Timothy Marlowe to her residence.

13. Upon Defendant Marlowe's arrival, he questioned Plaintiff as to why she would contact the emergency 9-1-1 service for a vehicle blocking her driveway. In response, Plaintiff explained that she was instructed to do so by Deputy Tyner.

14. Defendant Marlowe then became belligerent with Plaintiff. Plaintiff then asked Deputy Marlowe to leave her residence.

15. Defendant Marlow refused to leave and threatened to cite the Plaintiff for "misuse of 9-1-1."

16. Because of Defendant Marlowe's sudden and increased aggression, Plaintiff began to fear for her safety and commenced recording the interaction with her cellular device.

17. Plaintiff informed Defendant Marlowe that their interaction was being recorded, at which time Defendant Marlow snatched the phone from Plaintiff's hand and smashed the device against a nearby rock.

18. Plaintiff's small dog began barking at Defendant Marlowe, who then threatened to kick the animal if Plaintiff did not immediately make the dog stop barking.

19. Defendant Marlowe then told Plaintiff that he intended to take her jail, and grabbed her by the arm, forced her face down on the ground, and pulled her arm around her back as he pushed her face into the ground, holding her there.

20. Defendant Marlowe then pulled the Plaintiff's other arm around her back with an unreasonable degree of force and placed her in handcuffs.

21. Having previously served as a United States Marshall, the Plaintiff recognized that Defendant Marlowe was acting far outside of protocol and appeared "out of sorts," so she sought to bring him back to his senses by advising him that his actions would result in disciplinary sanctions.

22. Defendant Marlowe then removed the handcuffs from the Plaintiff and left the premises.

23. Plaintiff immediately retrieved her phone and again telephoned 9-1-1, requesting that Deputy Tyner be sent to her residence.

24. Deputy Tyner arrived at Plaintiff's home and Plaintiff explained her interaction with Defendant Marlowe.

25. Deputy Tyner asked Plaintiff if she required medical treatment and offered to drive her to the hospital, but Plaintiff declined at the time.

26. Plaintiff drove herself to the emergency department of LeConte Medical Center in Sevierville, Tennessee.

27. Following a thorough medical examination, medical personnel informed Plaintiff that she had suffered a non-displaced fracture of the ulnar styloid in her left wrist.

28. While still at the hospital, Deputy Tyner called Plaintiff to check on her condition and to verify whether or not she had camera footage of the incident taken from her security system at her home. She informed him of the injury and that the cameras attached to her home were non-operational.

29. LeConte Medical Center released the Plaintiff later in the day and she returned to her home.

30. In the early hours of the next morning, Plaintiff was awoke by her dog barking, only to discover in the daylight that her property had been vandalized with spray painted slurs referencing her sexual orientation.

31. On or about January 6, 2021, Plaintiff reached out to the Sevier County District Attorney's office and was told that the matter would have to be investigated by the Tennessee Bureau of Investigation (T.B.I.). Plaintiff Shelton was never contacted by the T.B.I.

32. On or about July 26, 2021, Plaintiff was contacted by an agent with the Federal Bureau of Investigation and was told that the matter was, in fact, being investigated. As of the time of this filing, Plaintiff has not received any further updates.

33. On or about September 30, 2021, Plaintiff, through counsel, submitted a request for documents and information from the Sevier County Sheriff's Office pursuant to the Tennessee Open Records Act (Tenn. Code Ann. § 10-7-503) seeking the dash camera video; body camera video; videos of arrest; 9-1-1 tapes; incident reports; witness statements; officer statements; and use of force reports from the Office for Plaintiff's residence for a time period of November 1, 2020 through January 10, 2021.

34. In response to Plaintiff's Tennessee Open Records Act request, the Sevier County Sheriff's Office replied "This is not our jurisdiction. Try Pigeon Forge Police Dept." Counsel for

Plaintiff returned photographic evidence of Sevier County Sheriff's Office personnel being present at Plaintiff's residence during the requested time period. Counsel's request remains pending and unanswered as of the date of this filing.

### IV. CAUSES OF ACTION

#### A. 42 U.S.C. § 1983
#### Fourteenth Amendment Violation – Excessive Force; Deliberate Indifference to Plaintiff's Right to Adequate Medical Treatment for a Serious Medical Need

#### Individual Liability

35. Plaintiff hereby incorporates paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. A cause of action exists under 42 U.S.C. § 1983 for money damages against an individual acting under color of state law who deprives another of rights, privileges, or immunities secured by federal law and the Constitution of the Unites States of America.

37. The Due Process Clause of the Fourteenth Amendment prohibits the individual Defendant from using excessive force against a citizen who had committed no crime.

38. Excessive force under the Fourteenth Amendment is objectively unreasonable conduct that, given the facts and circumstances, would "shock the conscience" and amount to an arbitrary exercise of governmental power.

39. The Fourth Amendment to the United States Constitution prohibits police officers from engaging in unreasonable searches and seizures.

40. Upon information and belief, Defendant Marlowe acted negligently, recklessly and/or violently by forcibly taking Plaintiff's telephone from her possession and smashing it against a rock.

41. Upon information and belief, Defendant Marlowe further acted negligently, recklessly and/or violently by forcing Plaintiff to the ground and aggressively jerking her arms behind her back to the extent of causing a fracture to her left wrist.

42. Any reasonable observer, given the facts and circumstances of this police violence, would come to the unavoidable conclusion that Defendants' conduct was objectively unreasonable so as to be unacceptable in a civilized society and shocking to the conscience. On any objective scale, the actions and conduct of the individual Defendant constitute an arbitrary and capricious exercise of governmental power and constitutes excessive force in violation of the Due Process Clause of the Fourteenth Amendment.

43. Plaintiff was merely seeking the assistance of local law enforcement to secure her property rights and freedom of movement, but was instead subjected to this arbitrary, capricious, and unlawful use of force.

44. As a result of the Defendant's deliberate indifference to Plaintiff's right to be free from excessive force, she suffered physical assault, emotional distress and a violation of his right to bodily autonomy, privacy, and his right to be free from unreasonable search and seizure.

45. Plaintiff, therefore, sues the individual Defendant for his deliberate indifference to and violation of her right to be free from excessive force, her right to privacy. She seeks the following relief:

    a. Economic damages for the cost of past and future medical care, lost wages, loss of earning capacity, and non-economic damages for pain and suffering, mental and emotional anguish, permanent impairment and disabilities, and loss of enjoyment of life;

    b. Attorney's fees pursuant to 42 U.S.C. § 1988.

**Municipal Liability**

46. Plaintiff hereby incorporates paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47. The Due Process Clause of the Fourteenth Amendment prohibits Defendant Sevier County, Tennessee from having any custom, policy, or procedure which would constitute the proximate cause of its officers' deprivation of any citizen's constitutional rights. Where such a custom, policy, or procedure has resulted in its officers' deprivation of a citizen's constitutional rights under 42 U.S.C. § 1983, sovereign immunity is removed, thereby allowing the citizen to recover her damages in a suit against the municipality.

48. Upon information and belief, Sevier County, Tennessee is liable to Plaintiff Shelton pursuant to 42 U.S.C. § 1983 based on its history of prior incidences where its officers negligently, recklessly and/or violently used excessive force against arrestees, inmates, and pre-trial detainees; this history of similar incidences constitutes a custom thereby rendering the county liable.

49. Upon information and belief, the Sevier County, Tennessee negligently and/or recklessly failed to adequately train its officers for proper tactics and procedures when said officers encounter citizens in a routine encounter. Upon information and belief, Sevier County, Tennessee has negligently and/or recklessly failed to adequately train its officers to recognize the proper situations where the exercise of force is allowed to detain a citizen.

50. Upon information and belief, the individual Defendant's negligent and/or reckless use or force and detention of Plaintiff Shelton was a direct result of this negligent and/or improper training, the lack of sufficient policies and procedures, and/or custom. Upon information and

belief, had the officer been properly trained, he would have employed other tactics in dealing with Plaintiff Shelton which would not have resulted in a deprivation of her constitutional rights.

51. In this case, the individual Defendant's negligent, reckless and/or violent use of force against the non-violent, non-threatening Plaintiff Shelton evidences a negligent and reckless and complete lack of training in proper procedures and methods related to dealing with individuals such as Plaintiff Shelton.

52. Additionally, a governmental entity may be held liable where its supervisory officials and officers ratify an illegal action of lower-tier officers and employees.

53. Upon information and belief, supervisory officers and officials of Sevier County, Tennessee, including but not necessarily limited to the Sevier County Sheriff's Office and the Sheriff, engaged in a reckless and/or negligent attempt to avoid liability and embarrassment by not pursuing criminal charges and/or disciplinary actions against Defendant Marlowe for his involvement in the application of violence and detention of Plaintiff Shelton, a citizen who's only wish was to have a property dispute resolved and not be assaulted, handcuffed, thrown to the ground, and suffer serious injury.

54. These actions of the supervisory officers/officials constitute ratification under section 1983 precedent, and likewise render the Sevier county, Tennessee liable to Plaintiff Shelton.

55. Sevier County, Tennessee is liable to Plaintiff Shelton because its customs, policies, and procedures were the proximate cause of the individual deputy's deliberate indifference to Plaintiff Shelton's constitutional right to be free from the use of negligent, reckless and excessive force and to be free from unreasonable searches and seizures for exercising her right as a citizen to seek law enforcement resolution of a property right dispute.

56. Plaintiff Shelton therefore sues Sevier County, Tennessee and seeks the following relief:

    a. Economic damages for the cost of past and future medical care, lost wages, loss of earning capacity, and non-economic damages for pain and suffering, mental and emotional anguish, permanent impairment and disabilities, and loss of enjoyment of life; and

    b. Attorney's fees pursuant to 42 U.S.C. § 1988.

## B. Tenn. Code Ann. § 29-20-202 et seq.
## Tennessee Governmental Tort Liability Act – Negligence

57. Plaintiff hereby incorporates paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58. Sevier County, Tennessee was at all times hereto responsible for the operation and the supervision of its Sheriff's deputies.

59. Pursuant to the Tennessee Governmental Tort Liability Act (TGTLA), the Defendants owed Plaintiff Shelton a duty of care to be free from excessive force and to provide her bodily autonomy when she was not committing a crime and engaging in non-violent, non-threatening request for law enforcement assistance.

60. Moreover, Sevier County, Tennessee owed a duty of care to reasonably train its police officers in the proper application of force in situations involving members of the public in the position of Plaintiff Shelton.

61. Sevier County, Tennessee owed a duty of care to reasonably supervise the Sheriff's deputies in its employment to ensure that such deputies are not engaging in a pattern of behavior

10

which would lead a reasonable employer to be aware of the foreseeable risk of similar behavior in the future.

62. These Defendants breached the duty of care as set forth herein and are therefore liable to Plaintiff Shelton pursuant to the TGTLA.

63. Plaintiff Shelton sues these Defendants under the TGTLA for all the reasons previously set forth herein, which are causally related to her injuries, and seeks money damages in the maximum amount allowed pursuant to the Tennessee Governmental Tort Liability Act.

## V. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Kimberly Shelton respectfully requests this Honorable Court grant relief as follows:

  a. Issue process, requiring the Defendants to answer this Complaint;

  b. Empanel a jury to try this cause;

  c. Award compensatory damages against all Defendants pursuant to the claims brought pursuant to 42 U.S.C. § 1983 in the amount of $1,000,000.00;

  d. Award compensatory damages against all Defendants in the maximum amount allowed under the Tennessee Governmental Tort Liability Act;

  e. Award Plaintiff attorney's fees pursuant to 42 U.S.C. § 1988;

  f. Award costs of this action including discretionary costs;

  g. Award any other or further relief to which he may be entitled.

Respectfully submitted this \_\_\_\_ day of January, 2022.

/s/Marcos M. Garza
Marcos M. Garza (BPR 021483)
Jeffrey H. Glaspie (BPR 033311)
Timothy L. Baldridge (BPR 015777)

**GARZA LAW FIRM, PLLC**
550 W. Main Street, Suite 340
Knoxville, TN 37902
E-mail: mgarza@garzalaw.com
Phone: (865) 540-8300
Fax: (865) 474-9397